UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21496-CIV-MORENO/TORRES

ROBLOR MARKETING GROUP, INC.,

      Plaintiff,

   vs.

GPS INDUSTRIES, INC.,
PROSHOT INVESTORS, LLC,
PROLINK HOLDINGS CORPORATION,
PROLINK SOLUTIONS, LLC,
INTELLIGOLF, INC.,
KARRIER COMMUNICATIONS,
L1 TECHNOLOGIES, INC.,
LINKS POINT, INC.,
SKYHAWKE TECHNOLOGIES, LLC,
UPLAY, LLC,
GOODWIN GOLF GROUP LLC,
AND
POLARIS GOLF SYSTEMS, INC.,

      Defendants.
_____/

## UPLAY, LLC ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant uPlay, LLC ("UPLAY") responds to the Complaint of Roblor Marketing Group, Inc. ("ROBLOR") as follows, where each paragraph number in the ANSWER corresponds to the same paragraph number in the Complaint.

ANSWER

1.      UPLAY admits the Complaint alleges patent infringement of United States Patent No. 5,507,485 (hereafter "the '485 Patent").  UPLAY is without sufficient information to form a belief as to any other allegations in this paragraph.

1

2.	UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

3.	UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

4.	UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

5.	UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

6.	UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

7.	UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

8.	UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

9.	UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

10.	UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

11.	UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

12.	UPLAY admits UPLAY is a limited liability company organized and existing under the laws of the State of California.  UPLAY denies any other allegations in this paragraph.

13.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

14.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

15.     UPLAY admits this action as currently pleaded in the Complaint arises under the patent laws of the United States, and that this Court has subject matter jurisdiction over this action as currently pleaded in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a). UPLAY is without sufficient information to form a belief as to any other allegations in this paragraph.

16.     As to UPLAY, UPLAY denies any allegations in this paragraph.  As to other parties, UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

17.     As to UPLAY, UPLAY denies any allegations in this paragraph.  As to other parties, UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

18.     Denied.

19.     UPLAY responds to the allegations in this paragraph according to UPLAY's responses to the corresponding paragraph numbers referred to in this paragraph.

20.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

21.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

22.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

23.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

24.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

25.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

26.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

27.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

28.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

29.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

30.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

31.     Denied.

32.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

33.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

34.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

35.     Denied.

36.     Denied.

37.     Denied.

38.     UPLAY is without sufficient information to form a belief as to any allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     ROBLOR has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     UPLAY has not infringed and is not infringing any valid and enforceable claim of United States Patent No. 5,507,485 ("the '485 Patent").

### THIRD AFFIRMATIVE DEFENSE

3.     Upon information and belief, any claims of the '485 Patent asserted against UPLAY are invalid and/or unenforceable for failure to comply with one or more requirements of 35 U.S.C. § 1 et. seq. (including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112), and/or Title 37 of the Code of Federal Regulations.

### FOURTH AFFIRMATIVE DEFENSE

4.     Upon information and belief, ROBLOR has not complied with the marking requirements of 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE

5.     ROBLOR's claims are barred by the equitable doctrine of laches.

SIXTH AFFIRMATIVE DEFENSE

6.      ROBLOR's claims are barred by the equitable doctrine of estoppel.

SEVENTH AFFIRMATIVE DEFENSE

7.      Upon information and belief, the claims of the '485 Patent are unenforceable due to the patent applicant's inequitable conduct before the PTO during prosecution of the underlying patent application, including at least misrepresentations by the patent applicant to the Patent Office as to the teachings of prior art, with the intent to deceive the Patent Office.

COUNTERCLAIMS

UPLAY, for its counterclaims against ROBLOR, states and alleges as follows, wherein each and every paragraph and allegation of these counterclaims is hereby incorporated by reference into each and every Count:

Jurisdiction and Venue

1.      This cause of action arises under the United States patent laws, Title 35 of the United States Code, and under the Declaratory Judgment Statutes 28 U.S.C. §§ 2201 - 2202.  This Court has jurisdiction over UPLAY's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

2.      On or about May 23, 2008, ROBLOR filed a Complaint for patent infringement in this Court against UPLAY, alleging infringement of United States Patent No. 5,507,485 ("the '485 Patent").

3.      UPLAY has not infringed and is not infringing any valid and enforceable claim of the '485 Patent.

6

4.      An actual case or controversy exists between ROBLOR and UPLAY concerning at least the validity, infringement, and/or enforceability of the '485 Patent.

Parties

5.      UPLAY is a limited liability company organized and existing under the laws of the State of California.

6.      Upon information and belief, ROBLOR is a Corporation with a principal place of business in Pompano Beach, Florida.

Count 1

Non-infringement of the '485 Patent

7.      UPLAY is entitled to a declaration and judgment that UPLAY has not infringed and is not infringing any valid and enforceable claim of the '485 Patent.

8.      Without such a declaration and judgment, ROBLOR will continue to assert claims of patent infringement against UPLAY.

Count 2

Patent Invalidity of the '485 Patent

9.      UPLAY is entitled to a declaration and judgment that the claims of the '485 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. § 1 et. seq. (including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112), and/or Title 37 of the Code of Federal Regulations.

10.     Without such a declaration and judgment, ROBLOR will continue to assert claims of patent infringement against UPLAY.

UPLAY demands a trial by jury on all issues.

**WHEREFORE**, UPLAY respectfully requests judgment against ROBLOR as follows:

A.      ROBLOR take nothing from UPLAY by way of ROBLOR's Complaint, and judgment be rendered in favor of UPLAY on ROBLOR's Complaint.

B.      UPLAY has not infringed, and is not infringing, any valid and enforceable claim of the '485 Patent.

C.      The claims of the '485 Patent are invalid.

D.      The case be declared exceptional, and UPLAY be awarded reasonable attorneys fees pursuant to 35 U.S.C. § 285.

E.      UPLAY be awarded such other relief as this Court deems appropriate.

Respectfully submitted,

Dated:  July 23, 2008                           s/ John Fulton, Jr.

   Miami, Florida                               John Cyril Malloy, III
                                                Florida Bar No. 964,220
                                                John Fulton, Jr.
                                                Florida Bar No. 173,800
                                                jfulton@malloylaw.com
                                                MALLOY & MALLOY, P.A.
                                                2800 S.W. Third Avenue
                                                Miami, Florida  33129
                                                Telephone: (305) 858-8000
                                                Facsimile:  (305) 858-0008

                                                Neal M. Cohen
                                                James K. Sakaguchi
                                                Valerie L. Sarigumba
                                                VISTA IP LAW GROUP LLP
                                                2040 Main Street, 9th Floor
                                                Irvine, California  92614
                                                Telephone: (949) 724-1849
                                                Facsimile:  (949) 625-8955

                                                Attorneys for Defendant
                                                uPlay, LLC.

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 23, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

<u>s/ John Fulton, Jr.</u>
John Fulton, Jr.
Florida Bar No. 173,800

**SERVICE LIST**
ROBLOR MARKETING GROUP, INC. V. GPS INDUSTRIES, INC., ET AL.

United States District Court, Southern District of Florida
Case No. 08-21496-CIV-MORENO/TORRES

Alejandro Alvarez
alex@integrityforjustice.com
THE ALVAREZ LAW FIRM
355 Palermo Avenue
Coral Gables, FL 33134
Telephone: (305) 444-7675
Facsimile:  (305) 444-0075
Attorneys for Plaintiff.
Notices of Electronic Filing
generated by CM/ECF.


OF COUNSEL:
John F. Ward
wardj@wardolivo.com
John W. Olivo, Jr.
olivoj@wardolivo.com
David M. Hill
hilld@wardolivo.com
WARD & OLIVO
380 Madison Avenue
New York, NY 10017
Telephone: (212) 697-6262
Facsimile:  (212) 972-5866
Attorneys for Plaintiff.
Served via first class U.S. mail,
postage pre-paid.

Kevin C. Kaplan
kkaplan@coffeyburlington.com
COFFEY BURLINGTON
2699 South Bayshore Drive
Penthouse A
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261
Attorneys for Defendant
Proshot Investors, LLC.
Notices of Electronic Filing
generated by CM/ECF.

Jill Nexon Berman
jnberman@brvmlaw.com
BERMAN RENNERT VOGEL
& MANDLER
100 S.E. Second Street
Suite 2900
Miami, Florida 33131-2130
Telephone: (305) 577-4173
Facsimile:  (305) 373-6036
Attorneys for Defendants
Prolink Holdings Corporation
and Prolink Solutions, LLC.
Notices of Electronic Filing
generated by CM/ECF.

Jeffrey Kamenetsky
jkamenetsky@cwiplaw.com
CHRISTOPHER & WEISBERG
200 East Las Olas Boulevard
Suite 2040
Fort Lauderdale, Florida 33301
Telephone: (954) 828-1488
Facsimile:  (954) 828-9122
Attorneys for Defendants
Intelligolf, Inc. and Karrier Communications.
Notices of Electronic Filing
generated by CM/ECF.

Albert A. Zakarian
zakarian@tampabay.rr.com
16765 Fish Hawk Boulevard
Suite 360
Lithia, Florida 33547
Telephone: (813) 571-2546
Facsimile:  (813) 251-1933
Attorneys for Defendant
L1 Technologies, Inc.
Notices of Electronic Filing
generated by CM/ECF.

Leora Herrmann
lherrmann@kpkb.com
Michael E. Tschupp
mtschupp@kpkb.com
KLUGER PERETZ KAPLAN
& BERLIN
Miami Center
201 South Biscayne Boulevard
Suite 1700
Miami, Florida 33131-8424
Telephone: (305) 379-9000
Facsimile:  (305) 379-3428
Attorneys for Defendant
SkyHawke Technologies, LLC.
Notices of Electronic Filing
generated by CM/ECF.

Jordan S. Weinstein
jweinstein@oblon.com
Thomas J. Fisher
tfisher@oblon.com
OBLON SPIVAK McCLELLAND
MAIER & NEUSTADT
1940 Duke Street
Alexandria, Virginia 22314
Telephone: (703) 413-3000
Attorneys for Defendant
SkyHawke Technologies, LLC.
Notices of Electronic Filing
generated by CM/ECF.

John Cyril Malloy, III
jcmalloy@malloylaw.com
John Fulton, Jr.
jfulton@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone: (305) 858-8000
Facsimile:  (305) 858-0008
Attorneys for Defendant
uPlay, LLC.
Notices of Electronic Filing
generated by CM/ECF.

Neal M. Cohen
James K. Sakaguchi
Valerie L. Sarigumba
VISTA IP LAW GROUP LLP
2040 Main Street, 9th Floor
Irvine, California  92614
Telephone: (949) 724-1849
Facsimile:  (949) 625-8955
Attorneys for Defendant
uPlay, LLC.
Served via first class U.S. mail,
postage pre-paid.