IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ROBLOR MARKETING GROUP, INC., <br>     Plaintiff, <br><br> v. <br><br> GPS INDUSTRIES, INC., <br> PROSHOT INVESTORS, LLC, <br> PROLINK HOLDING CORPORATION, <br> PROLINK SOLUTIONS, LLC, <br> INTELLIGOLF INC., <br> KARRIER COMMUNICATIONS, <br> L1 TECHNOLOGIES, INC., <br> LINKS POINT, INC., <br> SKYHAWKE TECHNOLOGIES, LLC, <br> UPLAY, LLC, <br> GOODWIN GOLF GROUP LLC, <br>     AND <br> POLARIS GOLF SYSTEMS, INC. <br><br>     Defendants. | **08-21496-CIV-MORENO/TORRES** <br><br> **JURY TRIAL DEMANDED** |

## PROLINK HOLDING CORPORATION'S AND PROLINK SOLUTIONS, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants ProLink Holding Corporation and ProLink Solutions, LLC (together "ProLink") answer and respond to the Complaint of plaintiff Roblor Marketing Group, Inc. (hereinafter, "Roblor") as follows:

ProLink denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. ProLink denies that Roblor is entitled to the relief requested in the Complaint.

## NATURE OF THE ACTION

1.  ProLink admits that the Complaint purports to state claims for patent infringement, injunctive relief and monetary damages. ProLink denies infringement of United States Patent No. 5,507,485 (the "'485 patent"). ProLink lacks knowledge or information sufficient to form a belief as to whether any other defendant infringes the '485 patent, and therefore denies the same. ProLink lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is the legal owner of the '485 patent, and therefore denies same.

## PARTIES

2.  ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies the same.

3.  ProLink admits that Defendant GPS Industries ("GPSI") is a corporation organized and existing under the laws of the State of Nevada. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3, and therefore denies the same.

4.  ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies the same.

5.  Admitted.

6.  Admitted.

7.  ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies the same.

8.  ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies the same.

10. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies the same.

11. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies the same.

12. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies the same.

13. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies the same.

14. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies the same.

## JURISDICTION AND VENUE

15. ProLink admits that Count I of the Complaint purports to state claims for patent infringement, damages and injunctive relief under the patent laws of the United States. ProLink admits that this Court has subject matter jurisdiction. ProLink denies infringement of the '485 patent.

16. ProLink admits that this Court has personal jurisdiction over ProLink with respect to the allegations set forth in Plaintiff's Complaint. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are directed to any other defendant, and therefore denies the same.

17. ProLink denies the allegations of Paragraph 17 to the extent they are directed specifically to ProLink. ProLink lacks knowledge or information sufficient to form a belief as to

the truth of the allegations to the extent they are directed to any other defendant, and therefore denies the same.

18. ProLink admits the allegations of Paragraph 18 to the extent they are directed specifically to ProLink. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are directed to any other defendant, and therefore denies the same.

## COUNT I-PATENT INFRINGEMENT

19. ProLink realleges and incorporates by reference its answer to Paragraphs 1-18 of the Complaint as if set forth fully herein.

20. ProLink admits that the '485 patent is entitled "Golf Computer and Golf Replay Device," and that the face of the '485 patent includes an issue date of April 16, 1996. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20, and therefore denies the same.

21. Denied.

22. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies the same.

23. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies the same.

24. Denied.

25. Denied.

26. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies the same.

27. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies the same.

28. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies the same.

29. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies the same.

30. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies the same.

31. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and therefore denies the same.

32. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and therefore denies the same.

33. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore denies the same.

34. ProLink denies the allegations of Paragraph 34 to the extent they are directed specifically to ProLink.  ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are directed to any other defendant, and therefore denies the same.

35. ProLink denies the allegations of Paragraph 35 to the extent they are directed specifically to ProLink.  ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are directed to any other defendant, and therefore denies the same.

36. ProLink denies the allegations of Paragraph 36 to the extent they are directed specifically to ProLink. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are directed to any other defendant, and therefore denies the same.

37. ProLink denies the allegations of Paragraph 37 to the extent they are directed specifically to ProLink. ProLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they are directed to any other defendant, and therefore denies the same.

## AFFIRMATIVE DEFENSES

ProLink, as its Affirmative Defenses to Roblor's Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

38. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

39. ProLink does not infringe and has not infringed the '485 patent.

### THIRD AFFIRMATIVE DEFENSE

40. The claims in the '485 are invalid because they fail to satisfy one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### FOURTH AFFIRMATIVE DEFENSE

41. The '485 patent is unenforceable against ProLink, including pursuant to the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

42. Roblor is barred by the doctrine of prosecution history estoppel from asserting any range of equivalents under the doctrine of equivalents.

43. ProLink reserves its rights to assert in the future such other defenses as may become available or apparent during the course of discovery or pretrial proceedings in this case.

## COUNTERCLAIMS

### PARTIES

44.     Counterclaim Plaintiff ProLink Holding Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 410 South Benson Lane, Chandler, Arizona 85224.

45.     Counterclaim Plaintiff ProLink Solutions, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 410 South Benson Lane, Chandler, Arizona 85224. For these Counterclaims, ProLink Holding Corporation and ProLink Solutions, LLC shall be referred to collectively as "ProLink."

46.     Upon information and belief, Counterclaim Defendant Roblor Marketing Group, Inc. ("Roblor") is a corporation with a place of business at 821 Cypress Boulevard, #205, Pompano Beach, Florida 33069.

### JURISDICTION AND VENUE

47.     These Counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code, and the provisions of the Federal Declaratory Judgment Act.

48.     The jurisdiction of this Court is proper under 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331, 1338 and 2201-02.

49.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

### COUNT I: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

50.     The allegations of paragraphs 46-49 above are incorporated herein by reference.

51.     ProLink does not infringe and has not infringed any claims of the '485 patent, either literally or under the doctrine of equivalents.

52.     In its Complaint, Roblor alleges that ProLink has infringed, and continues to infringe "one or more" claims of the '485 patent. Because ProLink denies that it has infringed or continues to infringe any claim of the '485 patent, either literally or under the doctrine of equivalents, an actual and justiciable controversy has arisen and now exists between ProLink and Roblor as to whether ProLink infringes any of the claims of the '485 patent.

53.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., ProLink requests the declaration of the Court that ProLink has does not infringe any claim of the '485 patent.

## COUNT II: DECLARATORY RELIEF REGARDING INVALIDITY

54.     The allegations of paragraphs 46-53 are incorporated herein by reference.

55.     The claims of the '485 patent are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and 112.

56.     In its Complaints, Roblor alleges that the '485 patent was "duly and legally issued." Given this and Roblor's filing of this lawsuit, and because ProLink contends that the claims of the '485 patent are invalid, an actual and justiciable controversy has arisen and now exists between ProLink and Roblor as to the validity of the '485 patent.

57.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., ProLink requests the declaration of the Court that the '485 patent is invalid.

## COUNT III: DECLARATORY RELIEF REGARDING UNENFORCEABILITY

58.     The allegations of paragraphs 46-57 are incorporated herein by reference.

59. Upon information and belief, the '485 patent issued on April 16, 1996. Roblor has unreasonably delayed in filing suit against ProLink, and is barred from enforcing the '485 patent against ProLink under the doctrine of laches.

60. Because Roblor has attempted to enforce the '485 patent against ProLink, an actual and justiciable controversy has arisen and now exists between ProLink and Roblor as to the enforceability of the '485 patent against ProLink.

61. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., ProLink requests the declaration of the Court that the patent-in-suit is unenforceable against ProLink.

## **PRAYER FOR RELIEF**

ProLink respectfully requests a judgment against Roblor as follows:

A. A declaration that ProLink does not infringe and has not infringed United States Patent No. 5,507,485;

B. A declaration that United States Patent No. 5,507,485 is invalid;

C. A declaration that United States Patent No. 5,507,485 is unenforceable against ProLink;

D. That Roblor take nothing by its Complaint;

E. That the Court enter judgment against Roblor and in favor ProLink and that Roblor's Complaint be dismissed with prejudice;

F. That the Court enter judgment that this case is an exceptional case under 35 U.S.C. § 285, and enter judgment awarding ProLink its costs and reasonable attorneys' fees; and

G. That the Court grant ProLink whatever further relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ProLink hereby demands a trial by jury of all issues so triable.

Dated: July 25, 2008                                    Respectfully submitted,

                                                        PROLINK HOLDINGS CORPORATION
                                                        and PROLINK SOLUTIONS, LLC,


                                                        /s/John M. Guard

                                                        John M. Guard, Esq.
                                                        Florida Bar No. 374600
                                                        **HOLLAND & KNIGHT LLP**
                                                        E-mail: john.guard@hklaw.com
                                                        100 North Tampa St., Suite 4100
                                                        Tampa, FL  33602
                                                        Telephone: (813) 227-8500
                                                        Facsimile: (813) 229-0134

                                                        **OF COUNSEL:**
                                                        Paul J. Cronin, Esq.
                                                        E-Mail: pcronin@mintz.com
                                                        **MINTZ, LEVIN, COHN, FERRIS,
                                                            GLOVSKY & POPEO, P.C.**
                                                        One Financial Center
                                                        Boston, Massachusetts 02111
                                                        Telephone: (617) 542-6000
                                                        Facsimile: (617) 542-2241

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF, on July 25, 2008. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>VIA E-MAIL</u>

Alejandro Alvarez, Esq.
alex@integrityforjustice.com
The Alvarez Law Firm
355 Palermo Avenue
Coral Gables, FL 33134
305-444-7675


Jill Nexon Berman
Berman Rennert Vogel & Mandler P.A.
2900 Floor, International Place
100 S.E. Second Street
Miami, FL 33131-2130

<u>VIA MAIL</u>

John F. Ward, Esq.
Ward & Olive
380 Madison Avenue
New York, NY 10017
212-687-6262

Paul J. Cronin, Esq.
Mintz, Levin, Cohn, Ferris
  Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111
617-542-6000

/s/   John M. Guard

# 5501862_v1
4388145v.3

11