Albert A. Zakarian, Esquire
16765 FishHawk Blvd.
# 360
Lithia, FL 33547
813-571-2546
(Fax) 866-259-1933
zakarian@tampabay.rr.com
For L1 Technologies, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (Miami)

| | |
|---|---|
| ROBLOR MARKETING GROUP, INC.,<br><br>Plaintiff,<br>vs.<br><br>GPS INDUSTRIES, INC., PROSHOT INVESTORS, LLC, PROLINK HOLDINGS CORPORATION, PROLINK SOLUTIONS, LLC, INTELLIGOLF, INC., KARRIER COMMUNICATIONS, L1 TECHNOLOGIES, INC., LINKS POINT, INC., SKYHAWKE TECHNOLOGIES, LLC,  UPLAY, LLC, GOODWIN GOLF GROUP, LLC and POLARIS GOLF SYSTEMS, INC.,<br><br>Defendants. | Case No.: No. **1:08-cv-21496-FAM**<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT L1 TECHNOLOGIES, INC.** |

Defendant L1 Technologies, Inc. ("L1") files this answer, affirmative defenses, and counterclaim in response to the complaint filed by Plaintiff Roblor Marketing Group, Inc. ("plaintiff") as follows:

## NATURE OF THE ACTION

1. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 1 and on that basis denies them.

## PARTIES

2.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 2 and on that basis denies them.

3.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 3 and on that basis denies them.

4.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 4 and on that basis denies them.

5.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 5 and on that basis denies them.

6.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 6 and on that basis denies them.

7.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 7 and on that basis denies them.

8.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 8 and on that basis denies them.

9.     L1 admits that it is a corporation organized under the laws of the State of California, and admits that its principal place of business is located at 10180 Telesis Court, Suite 165, San Diego, California 92121.

10.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 10 and on that basis denies them.

11. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 11 and on that basis denies them.

12. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 12 and on that basis denies them.

13. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 13 and on that basis denies them.

14. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 14 and on that basis denies them.

## JURISDICTION AND VENUE

15. L1 respectfully refers all questions of law to the Court as alleged in paragraphs 15. To the extent paragraphs 15 contain any allegations of fact that are directed towards L1, L1 denies those allegations. To the extent paragraph 15 contains any allegations of fact that are directed towards any defendant or defendant other than L1, L1 lacks sufficient knowledge to admit or deny any such allegations and on that basis denies them.

16. L1 respectfully refers all questions of law to the Court as alleged in paragraphs 16. To the extent paragraphs 16 contain any allegations of fact that are directed towards L1, L1 denies those allegations. To the extent paragraph 16 contains any allegations of fact that are directed towards any defendant or defendant other than

L1, L1 lacks sufficient knowledge to admit or deny any such allegations and on that basis denies them.

17.     L1 respectfully refers all questions of law to the Court as alleged in paragraphs 17.  To the extent paragraphs 17 contain any allegations of fact that are directed towards L1, L1 denies those allegations.  To the extent paragraph 17 contains any allegations of fact that are directed towards any defendant or defendant other than L1, L1 lacks sufficient knowledge to admit or deny any such allegations and on that basis denies them.

18.     L1 respectfully refers all questions of law to the Court as alleged in paragraphs 18.  To the extent paragraphs 18 contain any allegations of fact that are directed towards L1, L1 denies those allegations.  To the extent paragraph 18 contains any allegations of fact that are directed towards any defendant or defendant other than L1, L1 lacks sufficient knowledge to admit or deny any such allegations and on that basis denies them.

## COUNT I – PATENT INFRINGEMENT

19.     L1 hereby repeats its responses to Paragraphs 1-15, respectively, as though set forth in full herein.

20.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 20 and on that basis denies them.

21. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 21 and on that basis denies them.

22. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 22 and on that basis denies them.

23. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 23 and on that basis denies them.

24. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 24 and on that basis denies them.

25. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 25 and on that basis denies them.

26. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 26 and on that basis denies them.

27. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 27 and on that basis denies them.

28. L1 denies the allegations set forth in paragraph 28.

29. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 29 and on that basis denies them.

30. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 30 and on that basis denies them.

31. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 31 and on that basis denies them.

32. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 32 and on that basis denies them.

33. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 33 and on that basis denies them.

34. L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 34 and on that basis denies them.

35. To the extent the allegations in paragraph 35 are directed towards L1, L1 denies those allegations.  L1 otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 35 and on that basis denies them.

36. To the extent the allegations in paragraph 36 are directed towards L1, L1 denies those allegations.  L1 otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 36 and on that basis denies them.

37. To the extent the allegations in paragraph 37 are directed towards L1, L1 denies those allegations.  L1 otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 37 and on that basis denies them.

## AFFIRMATIVE DEFENSES

38.     In addition to the defenses described below, L1 specifically reserves the right to allege additional defenses as factual information in support of which becomes known through the course of discovery.

39.     The 5,507,485 ('485) patent is invalid and/or unenforceable for failure to comply with one or more provisions of the Patent Laws of the United States, Title 35, United States Code, Section 101 et seq. including without limitations Sections 102, 103, and/or 112.

40.     L1 is not infringing and has not infringed any claim of the '485 patent. By asserting this defense, however, L1 does not assume any burden of proof.

41.     Plaintiff is estopped, based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the '485 patent, from asserting any interpretation of the claims of the '485 patent that would be broad enough to cover any of L1's products.

42.     On information and belief, plaintiff's claim for relief concerning the '485 patent is limited by failure to comply with the marking and notice requirements of 35 U.S.C. Section 287. By asserting this defense, however, L1 does not assume any burden of proof.

43.     Plaintiff's claims are barred by collateral estoppel and/or res judicata.

44.     Plaintiff's claims are time-barred.

45. The alleged wrongful acts of L1 set forth in the Complaint were not willful, as a result of which plaintiff has no right to treble damages.

46. Plaintiff's claims are barred by 35 U.S.C. Section 287 to the extent they include conduct occurring more than six years prior to the institution of this suit.

47. Plaintiff's claims are barred by the doctrine of laches, waiver, and/or equitable estoppel.

48. Plaintiff's claims are barred by the doctrine of patent misuse and/or unclean hands.

49. Plaintiff's claims fail to state a claim upon which relief may be granted.

## COUNTERCLAIM FOR DECLARATORY RELIEF

50. In accordance with Rule 13 of the Federal Rules of Civil Procedure, L1 brings these counterclaims against plaintiffs. L1 repeats and realleges all of the preceding paragraphs as if fully set forth herein. In addition, L1 demands a jury trial and alleges as follows:

## PARTIES

51. Counterclaim plaintiff L1 Technologies, Inc. ("L1") is a corporation organized under the laws of the State of California, with its principal place of business at 10180 Telesis Court, Suite 165, San Diego, California 92121.

52. Upon information and belief, counterclaim defendant Roblor Marketing Group, Inc. is a corporation organized under the laws of New York and maintain its principal place of business at 19 West 44th Street, New York, New York, 10036.

## JURISDICTION AND VENUE

53. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. Sections 1331, 1338, and/or 2201-02.

54. Venue is proper in this district because these claims are being brought as compulsory counterclaims under Fed. R. Civ. P. 13(a) and under 28 U.S.C. Sections 1391 and/or 1400 because the claims at issue herein involve federal questions of patent law and counterclaim defendants are subject to personal jurisdiction in this district.

55. Counterclaim defendant have sufficient minimum contacts with the forum to satisfy traditional notions of fair play and substantial justice, particularly having availed themselves of the benefits of the forum's court system for the subject matter underlying the counterclaims.

## COUNT 1 (COUNTERCLAIM FOR DECLARATORY RELIEF)

56. L1 incorporates by reference and realleges all of the preceding paragraphs as if fully set forth herein.

57.     L1 is not infringing and has not infringes any claim of the '485 patent.  L1 has the right to manufacture, have made, use, sell, offer to sell, and import all of its products accused of infringement, unhampered and unmolested by plaintiffs.

58.     The claims of the '485 patent are invalid and/or unenforceable for: (i) failure to comply with one or more provisions of the Patent Laws of the United States, Title 35, United States Code, Section 101 et seq., including without limitation Sections 102, 103, and/or 112; and/or (ii) any one or more of the reasons set forth above.

59.     There is an actual and justiciable controversy between L1 and counterclaim defendant over the validity, enforceability, and infringement of the '485 patent.

## PRAYER FOR RELIEF

WHEREFORE, L1 asks the Court to enter judgment in L1's favor against plaintiff/counterclaim defendant as follows:

A.     A declaration granting all of the relief requested in L1's Answer, Affirmative Defenses and Counterclaims, and dismissing plaintiff's complaint with prejudice;

B.     A declaration that L1 has not infringed any of the claims of the '485 patent;

C.     A declaration that all of the claims of the '485 patent are invalid and/or unenforceable;

D.     That plaintiff takes nothing by way of their complaint;

E.	That plaintiff, and each of its officers, directors, employers, agents, servants, alter egos, and attorneys, and each person in active concern or participation with any of them, be restrained from further prosecuting or instituting any actions against L1 which claim that any of the claims of the '485 patent are infringed by L1;

F.	That L1 recover its actual and compensatory damages according to proof;

G.	That L1 be awarded costs, expenses, and reasonable attorney's fees, including as award for such costs, expenses, and fees under 28 U.S.C. Section 285;

H.	That L1 be awarded interest at the legal applicable rate; and

I.	Any such and further relief, including an award of L1's costs of suit and attorney's fees to the extent permitted by law, that this court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, counterclaim plaintiff L1 demands a jury trial as to all issues triable at law.

Dated:  August 4, 2008.

/s/ Albert A. Zakarian
Albert A. Zakarian, Esquire
16765 FishHawk Blvd.
# 360
Lithia, FL 33547
813-571-2546
(Fax) 866-259-1933
zakarian@tampabay.rr.com
Attorney for L1 Technologies, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 4, 2008, I electronically filed the foregoing ANSWER with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:  All Counsel of Record.  I further certify that I sent by mail the foregoing document and the notice of electronic filing to the following non-CM/ECF participant: N/A.

/s/ Albert A. Zakarian_____
Albert A. Zakarian, Esquire