UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21496-Moreno/Torres

ROBLOR MARKETING GROUP, INC.,

    *Plaintiff*,

v.

GPS INDUSTRIES, INC.,
PROSHOT INVESTORS, LLC,
PROLINK HOLDINGS CORPORATION,
PROLINK SOLUTIONS, LLC,
INTELLIGOLF, INC.,
KARRIER COMMUNICATIONS,
L1 TECHNOLOGIES, INC.,
LINKS POINT, INC.,
SKYHAWKE TECHNOLOGIES, LLC,
UPLAY, LLC,
GOODWIN GOLF GROUP LLC,
and
POLARIS GOLF SYSTEMS, INC.,

    *Defendants*.
_____/

**DEFENDANT GPS INDUSTRIES, INC'S ORIGINAL ANSWER**

---

GPS Industries, Inc. ("GPSI") files the following Answer to Plaintiff Roblor Marketing Group, Inc's ("Roblor") Original Complaint as follows:

**I.
ANSWER**

1.    GPSI admits the Complaint alleges patent infringement of United States Patent No. 5,507,485 (hereafter "the '485 Patent"). GPSI is without sufficient information or knowledge to form a belief as to any other allegations contained in paragraph 1 of the Complaint.

2. GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 2 of the Complaint.

3. GPSI only admits that it is a Canadian corporation with an address of 6554 176th Street, Suite 103 Surrey, British Columbia, Canada V35 4G5. Otherwise, GPSI denies the remaining allegations in paragraph 3 of the Complaint.

4. GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 4 of the Complaint.

5. GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 5 of the Complaint.

6. GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 6 of the Complaint.

7. GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 7 of the Complaint.

8. GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 8 of the Complaint.

9. GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 9 of the Complaint.

10. GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 10 of the Complaint.

11. GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 11 of the Complaint.

12. GPSI is without sufficient information or knowledge to form a belief as to any

allegations contained in paragraph 12 of the Complaint.

13.     GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 13 of the Complaint.

14.     GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 14 of the Complaint.

15.     GPSI denies all allegations contained in paragraph 15 of the Complaint.

16.     To the extent that the Plaintiff's allegations are directed at GPSI, GPSI denies all allegations contained in paragraph 16 of the Complaint. As to other parties, GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 16 of the Complaint.

17.     To the extent that the Plaintiff's allegations are directed at GPSI, GPSI denies all allegations contained in paragraph 17 of the Complaint. As to other parties, GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 17 of the Complaint.

18.     GPSI repeats and re-alleges all of the preceding paragraphs as if fully set forth herein.

19.     GPSI denies all allegations contained in paragraph 19 of the Complaint.

20.     GPSI only admits that United States Patent No. 5,507,485 is entitled "Golf Computer and Golf Reply Device."  GPSI is without sufficient information or knowledge to form a belief as to whether "Roblor is the owner of all rights, title, and interest in and to the '485 patent, and possesses all rights of recovery under the '485 patent, including the right to sue for infringement and recover past damages."  Otherwise, GPSI denies the remaining allegations

contained in paragraph 20 of the Complaint.

    21.    GPSI denies all allegations contained in paragraph 21 of the Complaint.

    22.    GPSI denies all allegations contained in paragraph 22 of the Complaint.

    23.    GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 23 of the Complaint.

    24.    GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 24 of the Complaint.

    25.    GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 25 of the Complaint.

    26.    GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 26 of the Complaint.

    27.    GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 27 of the Complaint.

    28.    GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 28 of the Complaint.

    29.    GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 29 of the Complaint.

    30.    GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 30 of the Complaint.

    31.    GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 31 of the Complaint.

    32.    GPSI is without sufficient information or knowledge to form a belief as to any

allegations contained in paragraph 32 of the Complaint.

33. GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 33 of the Complaint.

34. To the extent that the Plaintiff's allegations are directed at GPSI, GPSI denies all allegations contained in paragraph 34 of the Complaint. As to other parties, GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 34 of the Complaint.

35. To the extent that the Plaintiff's allegations are directed at GPSI, GPSI denies all allegations contained in paragraph 35 of the Complaint. As to other parties, GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 35 of the Complaint.

36. To the extent that the Plaintiff's allegations are directed at GPSI, GPSI denies all allegations contained in paragraph 36 of the Complaint. As to other parties, GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 36 of the Complaint.

37. To the extent that the Plaintiff's allegations are directed at GPSI, GPSI denies all allegations contained in paragraph 37 of the Complaint. As to other parties, GPSI is without sufficient information or knowledge to form a belief as to any allegations contained in paragraph 37 of the Complaint.

38. GPSI reserves the right to seek trial by jury on all issues.

39. GPSI denies all allegations contained in the Prayer for Relief in the Complaint.

## II.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

40. Roblor has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Non-infringement)

41. GPSI has not infringed, indirectly infringed, contributed to, or induced infringement and is not infringing any valid and enforceable claim of the '485 Patent.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

42. The claims of the '485 Patent asserted against GPSI are invalid and/or unenforceable for failure to comply with one or more requirements of 35 U.S.C. § 1 *et. seq.* (including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112), and/or Title 37 of the Code of Federal Regulations.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Comply with 35 U.S.C. § 287)

43. Upon information and belief, Roblor has not complied with the requirements of 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE
(Laches)

44. Roblor's claims are barred by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
(Estoppel)

45. Roblor's claims are barred by the equitable doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
(Unclean Hands)

46.     Roblor's claims are barred and the '485 Patent is void and unenforceable by reason of the equitable doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE
(Patent Misuse)

47.     Roblos's claims are barred by the equitable doctrine of patent misuse.  ROBLOR has failed to state a claim upon which relief can be granted.

Dated:  September 5, 2008                     Respectfully submitted,


**MALTZMAN FOREMAN, P.A.**

BY:     s/ Catherine J. MacIvor
        _____
        Catherine J. MacIvor
        Florida Bar No. 932711
        cmacivor@mflegal.com
        Jeffrey E. Foreman
        Florida Bar No. 0240310
        jforeman@mflegal.com
        One Biscayne Tower, Suite 2300
        2 South Biscayne Boulevard
        Miami, FL  33131
        Phone: 305-358-6555
        Fax: 305-374-9077

**SHORE CHAN BRAGALONE LLP**

        Michael W. Shore  (*pro hac vice* pending)
        Alfonso Garcia Chan (*pro hac vice* pending)
        Rajkumar Vinnakota (*pro hac vice* pending)
        901 Main Street, Suite 3300
        Dallas, Texas 75202
        Phone: 214-593-9110
        Fax: 214-593-9111
         *Attorneys for Defendant / Counter-Plaintiff*
         *GPS Industries, Inc.*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 5 day of September, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                   **s/Catherine J. MacIvor**
                   _____
                   Catherine MacIvor

SERVICE LIST
CASE NO.  08-21496-CIV-Judge: Moreno/Magistrate Judge: Torres

John F. Ward, Esquire
wardj@wardolivo.com
John W. Olivo, Jr., Esquire
olivoj@wardolivo.com
David M. Hill, Esquire
hilld@wardolivo.com
Ward & Olivo
380 Madison Avenue
New York, NY  10017
Phone: 212-697-6262
Fax: 212-972-5866
*Attorneys for Roblor Marketing Group, Inc.*

Jeffrey E. Foreman, Esquire
jforeman@mflegal.com
Catherine J. MacIvor, Esquire
cmacivor@mflegal.com
Maltzman Foreman, P.A.
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone:  305-358-6555
Fax:  305-374-9077
*Attorneys for GPS Industries, Inc.*

John Matthew Guard, Esquire
John.guard@hklaw.com
Holland & Knight
100 N Tampa Street
Suite 4100
P.O. Box 1288
Tampa, FL  33602-3644
Phone: 813-227-6485
Fax: 813-229-0134
*Attorneys for Prolink Holdings Corporation*
*Attorneys for Prolink Solutions, LLC*

Kevin Crow Kaplan, Esquire
kkaplan@coffeyburlington.com
Morgan Lowery Swing, Esquire
mswing@coffeyburlington.com
David John Zack, Esquire
dzack@coffeyburlington.com
Coffey Burlington
2699 South Bayshore Drive
Penthouse A
Miami, FL  33133
Phone: 305-858-2900
Fax: 305-858-5261
*Attorneys for Proshot Investors, LLC*
*Attorneys for Prolink Holdings Corporation*
*Attorneys for Prolink Solutions, LLC*

Kenneth G. Parker, Esquire
kparker@tlpfirm.com
Teuton Loewy & Parker LLP
3121 Michelson Drive, Suite 250
Irvine, CA  92612
Phone: 949-442-7101
Fax: 949-442-7105
*Attorneys for Prolink Holdings Corporation*
*Attorneys for Prolink Solutions, LLC*

Jeffrey Kamenetsky, Esquire
jkamenetsky@cwiplaw.com
Christopher & Weisberg
200 E Las Olas Boulevard
Suite 2040
Fort Lauderdale, FL  33301
Phone: 954-828-1488
Fax: 954-828-9122
*Attorneys for Intelligolf, Inc.*
*Attorneys for Karrier Communications*

*Pro Hac Vice*

| | |
|---|---|
| Paul J. Cronin, Esquire<br>pcronin@mintz.com<br>Mintz Levin Cohn Ferris Glovsky & Popeo PC<br>One Financial Center<br>Boston, MA  02111<br>Phone: 617-542-6000<br>Fax:<br>*Attorneys for Prolink Holdings Corporation*<br>*Attorneys for Prolink Solutions, LLC*<br>*Pro Hac Vice* | Jeff Toler, Esquire<br>jtoler@tlgiplaw.com<br>Toler Law Group<br>8500 Bluffstone Cove<br>Suite A201<br>Austin, TX  78759<br>Phone: 512-327-5515<br>Fax:<br>*Attorneys for Intelligolf, Inc.*<br>*Attorneys for Karrier Communications*<br>*Pro Hac Vice* |
| Albert Apgar Zakarian, Esquire<br>zakarian@tampabay.rr.com<br>16765 Fish Hawk Boulevard<br>Suite 360<br>Lithia, FL  33547<br>Phone: 813-571-2546<br>Fax: 813-251-1933<br>*Attorneys for L1 Technologies, Inc.* | Jordan S. Weinstein, Esquire<br>jweinstein@oblon.com<br>Thomas J. Fisher, Esquire<br>tfisher@oblon.com<br>Oblon Spivak McClelland Maier & Neustadt<br>1940 Duke Street<br>Alexandria, VA  22314<br>Phone: 703-413-3000<br>*Attorneys for SkyHawke Technologies, LLC* |
| Leora Herrmann, Esquire<br>lherrmann@kpkb.com<br>Michael Eric Tschupp, Esquire<br>mtschupp@kpkb.com<br>Kluger Peretz Kaplan & Berlin<br>Miami Center<br>201 South Biscayne Boulevard<br>Suite 1700<br>Miami, FL  33131-8424<br>Phone: 305-379-9000<br>Fax: 305-379-3428<br>*Attorneys for SkyHawke Technologies, LLC* | Jacqueline Clementine Tadros, Esquire<br>jtadros@intellectualpropertynow.com<br>500 West Cypress Creek Road<br>Suite 500<br>Fort Lauderdale, FL  33069<br>Phone: 954-351-7479<br>Fax: 954-351-7475<br>*Attorneys for Goodwin Golf Group LLC* |
| John Fulton, Jr., Esquire<br>jfulton@malloylaw.com<br>John Cyril Malloy, III, Esquire<br>jcmalloy@malloylaw.com<br>Malloy & Malloy | Melvin K. Silverman, Esq.<br>mks@mkspc.com<br>M.K. Silverman & Associates, P.C.<br>One Gateway Center<br>Suite 2600 |

10

CASE NO. 08-21496-Moreno/Torres

| | |
|---|---|
| 2800 SW 3rd Avenue<br>Miami, FL  33129<br>Phone: 305-858-8000<br>Fax: 305-858-0008<br>*Attorneys for Uplay, LLC* | Newark, NJ  07102<br>Phone: 973-508-5033<br>Fax: 973-622-3423<br>*Attorneys for Goodwin Golf Group, LLC* |
| James K. Sakaguchi, Esquire<br>jks@viplawgroup.com<br>Neal M. Cohen, Esquire<br>nmc@viplawgroup.com<br>Valerie L. Sarigumba, Esquire<br>vls@viplawgroup.com<br>Vista IP Law Group LLP<br>2040 Main Street<br>9th Floor<br>Irvine, CA  92614<br>Phone: 949-724-1849<br>Fax: 949-625-8955<br>*Attorneys for Uplay, LLC* | Links Point, Inc.<br>1 Selleck Street<br>3rd Floor<br>Norwalk, CT  06855<br>*Attorneys for Links Point, Inc. not yet appeared/Links Point, Inc. not yet responded to Complaint* |
| Jacqueline Clementine Tadros, Esq.<br>jtadros@intellectualpropertynow.com<br>500 West Cypress Creek Road<br>Ste. 500<br>Ft. Lauderdale, FL 33069<br>Phone: 954-351-7479<br>Fax: 954-351-7475<br>*Attorney for Goodwin Golf Group LLC* | Polaris Golf Systems, Inc.<br>6231 PGA Boulevard<br>Suite 104, #215<br>Palm Beach Gardens, FL  33418<br>*Attorneys for Polaris Golf Systems, Inc. not yet appeared/Polaris Golf Systems, Inc. not yet responded to Complaint* |

11

CASE NO. 08-21496-Moreno/Torres

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**