UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21496-CIV-MORENO/TORRES

ROBLOR MARKETING GROUP, INC.,

    Plaintiff,

vs.

GPS INDUSTRIES, INC.,
PROSHOT INVESTORS, LLC,
PROLINK HOLDINGS CORPORATION,
PROLINK SOLUTIONS, LLC,
INTELLIGOLF, INC.,
KARRIER COMMUNICATIONS,
L1 TECHNOLOGIES, INC.,
LINKS POINT, INC.,
SKYHAWKE TECHNOLOGIES, LLC,
UPLAY, LLC,
GOODWIN GOLF GROUP LLC,
AND
POLARIS GOLF SYSTEMS, INC.,

    Defendants.
_____/

## DECLARATION OF NEAL M. COHEN IN SUPPORT OF DEFENDANTS' MOTION TO STAY LITIGATION PENDING REEXAMINATION OF UNITED STATES PATENT No. 5,507,485

I, Neal M. Cohen, am the lead attorney representing Defendant and Counterclaimant uPlay LLC in the above-captioned matter.

1.    Plaintiff's counsel has informed me in a phone conversation that Plaintiff has not yet commercialized a golf rangefinder product.

2    Prior to the present action being filed on or about May 27, 2008, uPlay LLC received no cease and desist letters or any other indication that Plaintiff had any intention to enforce U.S. Patent No. 5,507,485 ("the '485 Patent"). Counsel for ProLink Holdings

1

Corporation and Prolink Solutions, LLC (collectively "the ProLink Defendants"), L1 Technologies, and Goodwin Golf Group, have all informed me that their respective clients also had no notice of Plaintiff's intent to enforce the '485 Patent prior to the lawsuit being filed.

3. Counsel for the ProLink defendants has informed uPlay counsel that for more than 10 years the ProLink defendants have been selling golf course management systems employing cart-based GPS technology and cart-based visual displays.

4. Counsel for L1 Technologies has informed uPlay counsel that L1 Technologies has been selling its iGolfGPS handheld GPS software for at least 4 years, and its iGolf GPS Caddie for at least two years, in a form materially the same as its current products accused in this lawsuit.

5. Defendant uPlay, LLC obtained an extension of time to respond to the complaint, and timely filed its response on July 23, 2008.

6. According to the Court's docket on PACER, several other defendants filed answers to the complaint between July 24, 2008 and August 4, 2008.

7. According to the Court's docket on PACER, as of September 3, 2008, Defendant GPS Industries, Inc. has obtained several extensions of time to answer, and just filed its answer today.

8. According to the Court's docket on PACER, defendant Intelligolf, Inc. has filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, and defendant Karrier Communications has filed a Motion to Dismiss for Improper Venue.

9. According to the Court's docket on PACER, Plaintiff has not yet opposed Intelligolf, Inc.'s Motion to Dismiss, and the Court has not ruled on either Intelligolf's motion or Karrier Communications' motion.

10. As of today, no parties have served Rule 26 Initial Disclosures. It is my understanding from other defense counsel that several parties have agreed to serve Initial Disclosures by September 18, 2008.

11. Attached as Exhibit 1 is a true and correct copy of a webpage I printed from www.uspto.gov, showing Ex Parte Reexamination Filing Data as of June 30, 2008, including that 92% of all ex parte requests for reexamination have been granted, and the median pendency for an ex parte reexamination is 18.9 months.

12. Attached hereto as Exhibit 2 is a true and correct copy of the Request for Reexam of the '485 Patent uPlay LLC filed with the United States Patent and Trademark Office (PTO) on August 21, 2008, including the attachment (which itself included 4 exhibits). This Exhibit 2 has been broken into 3 separate files due to size restrictions with PACER.

13. Attached hereto as Exhibit 3 is a true and correct copy of the PTO Form SB/08a uPlay LLC filed with its Request for Reexamination, including copies of the references cited thereon. This Exhibit 3 has been broken into 3 separate files due to size restrictions with PACER.

14. Attached hereto as Exhibit 4 is a true and correct copy of United States Patent No. 5,507,485 (the '485 Patent) including its Certificate of Correction, that uPlay LLC filed with its Request for Reexamination.

15. Attached hereto as Exhibit 5 is a true and correct copy of the substantive Office actions from the prosecution history of the '485 Patent, which I obtained from the PTO website.

16. Upon information and belief, Plaintiff does not produce a product, and exists only as a holding company whose only significant asset is the '485 Patent.

17.  uPlay LLC's Request for Reexam is based at least partially on recently discovered prior art, and uPlay LLC proceeded quickly to prepare, file and serve the Request for Reexam.

18.  The Request for Reexam was filed within 3 months after the complaint in this action was filed, and uPlay's underlying Motion to Stay is being filed within fifteen days after filing the Request for Reexam.

19.  Attached hereto as Exhibit 6 is a true and correct copy of two letters I received from the PTO regarding the filing date of the Reexamination Request.

20.  I contacted Plaintiff's counsel on August 29, 2008 to see if Plaintiff would join in the underlying Motion to Stay, and Plaintiff declined.

*******

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

_9-5-2008_  
Date

_[signature]_  
Neal M. Cohen