IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| ROBLOR MARKETING GROUP, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| GPS INDUSTRIES, LLC, | § | Civil Action No. 1:08-cv-21496-FAM |
| PROSHOT INVESTORS, LLC, | § | |
| CYPRESS GPS, LLC., and | § | **JURY TRIAL DEMANDED** |
| CALLAWAY GOLF COMPANY, | § § | |
| Defendants. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Roblor Marketing Group, Inc. ("Plaintiff" or "Roblor"), by and through its undersigned counsel, files this Amended Complaint against GPS Industries, LLC, ProShot Investors, LLC, Cypress GPS, LLC, and the Callaway Golf Company (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1.  This is a patent infringement action to stop each Defendant's infringement of Roblor's United States Patent No. 5,507,485 entitled "Golf Computer and Golf Replay Device" (the "'485 patent"; a copy of which is attached hereto as Exhibit 1).  Roblor is the legal owner of the '485 patent.  Roblor seeks injunctive relief and monetary damages.

### PARTIES

2.  Plaintiff Roblor Marketing Group, Inc. is a corporation with a place of business located at 821 Cypress Boulevard, #205, Pompano Beach, Florida 33069.  Roblor is the owner of

all rights, title, and interest in and to the '485 patent, including the right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant GPS Industries, LLC ("GPSI") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1074 N. Orange Ave., Sarasota, Florida, 34236.

4. Upon information and belief, Defendant ProShot Investors, LLC ("ProShot") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 13865 Alton Parkway, Suite 100, Irvine, California 92618.

5. Upon information and belief, Defendant Cypress GPS, LLC ("Cypress") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 3238 Rancho Milagro, Carlsbad, California 92009.

6. Upon information and belief, Defendant Callaway Golf Company ("Callaway") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2180 Rutherford Road, Carlsbad, CA 92008-7328.

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has personal jurisdiction over each Defendant because upon information and belief: each Defendant has minimum contacts within the State of Florida and the Southern District of Florida; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Florida and in the Southern District of Florida; each

Defendant has sought protection and benefit from the laws of the State of Florida; each Defendant conducts business within the State of Florida and within the Southern District of Florida; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Florida and in the Southern District of Florida.

9.     More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States, the State of Florida, and the Southern District of Florida.  Upon information and belief, each Defendant has committed patent infringement in the State of Florida and in the Southern District of Florida, has contributed to patent infringement in the State of Florida and in the Southern District of Florida, and/or has induced others to commit patent infringement in the State of Florida and in the Southern District of Florida.  Each Defendant solicits customers in the State of Florida and in the Southern District of Florida.  Each Defendant has many paying customers who are residents of the State of Florida and the Southern District of Florida and who each use respective Defendant's products and services in the State of Florida and in the Southern District of Florida.

10.    Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

11.    Roblor realleges and incorporates by reference each of Paragraphs 1-10 above.

12.    United States Patent No. 5,507,485, entitled "Golf Computer and Golf Replay Device," was duly and legally issued by the United States Patent and Trademark Office ("PTO") on April 16, 1996 after full and fair examination.  The '485 patent was the subject of two Requests for Reexamination, a first filed by Karrier Communications on August 19, 2008, and a

second filed by Defendant-Cypress (f.k.a. uPlay) on August 21, 2008. Following the conclusion of both reexaminations, the PTO confirmed the validity of the original 54 claims with only minor amendments and issued *Ex Parte* Reexamination Certificate Numbers 5,507,485 C1 on November 24, 2009 and 5,507,485 C2 on April 12, 2011. Copies of *Ex Parte* Reexamination Certificate Numbers 5,507,485 C1 and 5,507,485 C2 are attached hereto as Exhibits 2 and 3 respectively. Roblor is the owner of all rights, title, and interest in and to the '485 patent, and possesses all rights of recovery under the '485 patent, including the right to sue for infringement and recover past damages.

13. The technology protected by the '485 patent, enables users to, among other things, view various holes on a golf course through the use of a portable device.

14. Upon information and belief, Defendant GPSI has infringed and continues to infringe one or more claims of the '485 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, GPS enabled golf products and/or solutions. Upon information and belief, Defendant GPSI has also contributed to the infringement of the '485 patent, and/or actively induced others to infringe the '485 patent, in this district and elsewhere in the United States.

15. Upon information and belief, Defendant ProShot has infringed and continues to infringe one or more claims of the '485 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, GPS enabled golf products and/or solutions. Upon information and belief, Defendant ProShot has also contributed to the infringement of the '485 patent, and/or actively induced others to infringe the '485 patent, in this district and elsewhere in the United States. Defendant ProShot is

nationally known for providing GPS enabled golf products and/or solutions and has actively participated in numerous litigations throughout the country.

16. Upon information and belief, Defendant Cypress has infringed and continues to infringe one or more claims of the '485 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, GPS enabled golf products and/or solutions.  Upon information and belief, Defendant Cypress has also contributed to the infringement of the '485 patent, and/or actively induced others to infringe the '485 patent, in this district and elsewhere in the United States.

17. Upon information and belief, Defendant Callaway has infringed and continues to infringe one or more claims of the '485 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, GPS enabled golf products and/or solutions.  Upon information and belief, Defendant Callaway has also contributed to the infringement of the '485 patent, and/or actively induced others to infringe the '485 patent, in this district and elsewhere in the United States.

18. Each Defendant's aforesaid activities have been without authority and/or license from Roblor.

19. Roblor is entitled to recover from the Defendants the damages sustained by Roblor as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

20. Upon information and belief, each Defendant's infringement of the '485 patent is willful and deliberate.  Upon information and belief, each Defendant's inducement and contributory infringement of the '485 patent is willful and deliberate.  As a result, Roblor is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

21. Defendants' infringement of Roblor's exclusive rights under the '485 patent will continue to damage Roblor, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

22. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff Roblor Marketing Group, Inc., respectfully requests the following relief:

A. An adjudication that the Defendants have infringed and continue to infringe claims of the '485 patent;

B. An award to Roblor of damages adequate to compensate Roblor for the Defendants' acts of infringement together with prejudgment interest;

C. An award of Roblor's enhanced damages, up to and including trebling of Roblor's damages pursuant to 35 U.S.C. § 284, for the Defendants' willful infringement;

D. An award of Roblor's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

E. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '485 patent; and

F. Any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: <u>May 2, 2011</u>

    /s/ Alex Alvarez
Alex Alvarez
Florida Bar No. 946346
E-mail: alex@integrityforjustice.com
**THE ALVAREZ LAW FIRM**
355 Palermo Avenue
Coral Gables, FL 33134
Telephone: (305) 444-7675
Facsimile: (305) 444-0075

**OF COUNSEL**:
John W. Olivo, Jr., Esq.
E-mail: olivoj@wardolivo.com
**WARD & OLIVO**
382 Springfield Avenue
Summit, New Jersey 10017
Telephone: (908) 277-3333
Facsimile: (908) 277-6373

Lewis Garrison
Email: wlgarrison@hgdlawfirm.com
Douglas Bridges
Email: doug@hgdlawfirm.com
**HENINGER, GARRISON & DAVIS**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205)-326-3332
1 Glenlake Parkway
Suite 700
Atlanta, Georgia 30328
Telephone: (678) 638-6308

**ATTORNEYS FOR PLAINTIFF**
**ROBLOR MARKETING GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2011, I caused the following documents:

> *Plaintiff's Amended Complaint*

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

> *All Counsel of Record*

BY: /s/ Alex Alvarez
Alex Alvarez
Florida Bar No. 946346
